UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WILBERT E. WILSON | CIVIL ACTION NO. 3:10-cv-0519 |
|      LA. DOC #288984 | |
| VS. | SECTION P |
| | JUDGE ROBERT E. JAMES |
| BILLY NEWSOM, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Wilbert E. Wilson, proceeding *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on March 19, 2010. Plaintiff is an inmate in the

custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the

Franklin Parish Detention Center, Winnsboro, Louisiana; however, he seeks compensation for

injuries he received when he was incarcerated at the Richland Parish Detention Center (RPDC)

and performing labor at the Beouf River Country Club, Rayville, Louisiana in July 2009. He sued

club member Billy Newsom, and the club itself and prayed for damages in the amount of

$100,000. This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of

the Court. For the following reasons it is recommended that the complaint be **DISMISSED**

**WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

From August 2006 through August 2009 plaintiff was an LDOC inmate incarcerated at

the RPDC. Plaintiff was assigned to a work detail at the Beouf River Country Club where he cut

grass and trimmed trees.  On or about July 21-22, 2009, plaintiff was being supervised in this

work by defendant Bill Newsom, a member of the club.  On that date, Newsom was operating a front-end loader; plaintiff stood in the front-end of the loader cutting tree limbs with a chain saw. One of the limbs kicked back knocking plaintiff to the ground. Plaintiff lost consciousness for an undetermined period of time.  After he regained consciousness, the Sheriff arrived and plaintiff was taken by ambulance to the E.A. Conway Hospital in Monroe.  X-ray examinations revealed no injuries. Plaintiff was released and directed to return for further examination the following day.  Further examination revealed no injuries and plaintiff was returned to the RPDC.

Two or three days later, defendant Newsom told plaintiff to take a week off. Plaintiff was then released from custody on August 28, 2009. Newsom offered plaintiff $200 to return to work and apparently plaintiff did so. A few months later, plaintiff was arrested and returned to jail.

Plaintiff now seeks $100,000 for pain and for future medical care for his injured shoulder.

### *Law and Analysis*

When a prisoner is permitted to proceed *in forma pauperis* in a civil rights action filed pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

## 2. State Actors and Violation of the Constitution or Laws of the United States

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[1] The "under-color-of-state-law" element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,' " *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), cited in *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999).

The complaint does not allege that the defendants were "state actors," that is operating under color of state law. (Under the "color of law" requirement, the defendants in a § 1983 action

---

[1] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944)(plurality opinion).

A private company or individual ordinarily will not be a state actor for purposes of § 1983 litigation;  nevertheless, a private company or individual may be considered a state actor if they were "performing a government function traditionally reserved to the state." *Rosborough v. Management & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003).  Thus, given an opportunity to amend, plaintiff might be able to plead facts sufficient to establish that Newsom was performing a government function when he undertook to supervise inmate labor at the country-club.

That does not resolve the issue however, since even if the defendants were acting under color of state law, the pleadings do not allege (or even imply) the deprivation of any rights secured by the Constitution or laws of the United States. Plaintiff, a Louisiana resident, sues another Louisiana resident and a country-club for injuries sustained in a work-related accident. Plaintiff's complaint does not allege the deprivation of any rights secured by the Constitution or laws of the United States and therefore he fails to state a claim for which relief may be granted pursuant to §1983.

### 3. Deliberate Indifference

Plaintiff might suggest that his right to be free from cruel and unusual punishment was violated in this instance. A state-actor may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety, but only if he knows that the inmate

faces a substantial risk of serious harm and he nevertheless disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* Mere negligence is not a basis for liability under § 1983. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir.1990); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir.1987).

Plaintiff has alleged no fault on the part of either defendant.  By his own admission, the accident occurred when "... [t]he [limb] kick back and kick me out of the front end..." Thus, plaintiff has alleged no facts to establish negligence, much less deliberate indifference, on the part of the defendants and again, has failed to state a claim for which relief may be granted.

### Conclusion and Recommendation

Plaintiff has not shown that he is entitled to relief pursuant to 42 U.S.C. §1983 and therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, May 7, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE